Max Bloom, J.
The relator is currently serving time at the New York City Correctional Institution for Men on various charges. On September 15, 1973, he was transferred to the South Bronx Community Residential Facility, a work release program. The following day he escaped from the program.
Upon his apprehension the relator was charged criminally with violating section 205.16 of the Penal Law. Additionally, he was charged with a disciplinary infraction. Upon his plea of guilty, he was punished by the imposition of “5 days punitive segregation and 25 days loss of good time.” Subsequently, relator pleaded guilty to the criminal charge and was sentenced to 90 days.
This proceeding is brought to set aside the loss of the 25 days of good behavior time.
The only argument advanced ¡by relator which merits mention is the failure of the Rikers Island facility to comply with *46 its own rules. Those rules require that a disciplinary hearing be conducted within 48 hours after commission of the offense (Rules and Regulations of New York City Dept. of Correction, § 4.49 (d[l]).
■Obviously, so long as the relator was not in custody, no infraction hearing could be held. However, by the end • of September the relator had been apprehended. The institution was then in a position to proceed. The hearing was not held until October 12. The .failure of respondent to abide by its own rules rendered the disciplinary proceedings a nullity (People ex rel. Fisher v. Warden, 74 Misc 2d 820).
Accordingly, the writ is granted and the 25 days’ good behavior time is restored to relator.